## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

       Plaintiff,

v.

HART MIRACLE MARKETPLACE, LLC,
MARSHALLS OF MA, INC. D/B/A
MARSHALLS 1036, and SUBWAY 50023
INC D/B/A SUBWAY 50023,

       Defendants.

_____/

## **COMPLAINT**

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues HART MIRACLE MARKETPLACE, LLC, MARSHALLS OF MA, INC. D/B/A MARSHALLS 1036, and SUBWAY 50023 INC D/B/A SUBWAY 50023 (hereinafter "Defendants" when referred to collectively), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4.      At all times material, Defendants, HART MIRACLE MARKETPLACE, LLC, owned and continues to own a commercial plaza property at 3301 Coral Way, Miami, Florida 33145 (hereinafter the "commercial plaza property") which conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

5.      At all times material, Defendant, HART MIRACLE MARKETPLACE, LLC, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami, Florida

6.      At all times material, Defendant, MARSHALL'S OF MA, INC., was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami, Florida.

7.      At all times material, Defendant, MARSHALL'S OF MA, INC. D/B/A MARSHALLS 1036, owned and operated a commercial restaurant business located at 3301 Coral Way, Miami, Florida 33145 (hereinafter the "clothing store business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, MARSHALL'S OF MA, INC., holds itself out to the public as "MARSHALLS 1036"

8.      At all times material, Defendant, SUBWAY 50023 INC D/B/A SUBWAY 50023, was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami, Florida.

9.      At all times material, Defendant, SUBWAY 50023 INC D/B/A SUBWAY 50023, owned and operated a commercial restaurant business located at 3301 Coral Way, Miami, Florida 33145 (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, SUBWAY 50023 INC, holds itself out to the public as "SUBWAY 50023."

10.     At all times material, HART MIRACLE MARKETPLACE, LLC, is the real property owner of the real property that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami, Florida.

11.     At all times material, MARSHALL'S OF MA, INC., is the individual owner of a clothing store business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami, Florida.

12.     At all times material, SUBWAY 50023 INC D/B/A SUBWAY 50023, is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Miami, Florida.

13.     Venue is properly located in the Southern District of Florida because Defendants' commercial plaza property, clothing store business, restaurant business and all related businesses in the commercial property are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

14.     Although well over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

15.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

16.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

17.     The Defendants in the instant case are the owners of the real property and the owners of the clothing store and restaurant businesses located within the subject commercial plaza property at 3301 Coral way, Miami, Florida 33145 which together are a place of public accommodation.

18.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

19.     Defendant, HART MIRACLE MARKETPLACE, LLC, owns, operates, and oversees the commercial plaza property that is the subject of this ADA Complaint, with all listed areas being open to the public.

20.     Defendant, MARSHALL'S OF MA, INC., owns, operates and oversees a commercial clothing store business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

21.     Defendant, SUBWAY 50023 INC D/B/A SUBWAY 50023, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

22.     The subject commercial plaza property is open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial property, to include visits to the commercial plaza property and the clothing store business, and restaurant business

4

located within the commercial plaza property on August 13, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial plaza property.  He often visits the commercial plaza property and businesses in order to avail himself of the goods and services offered there, and because it is approximately twenty-eight (28) miles from his residence and is near other business and he frequents as a patron.  He plans to return to the commercial plaza property within two (2) months from the date of the filing of this Complaint.

23.    The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial plaza property and commercial restaurant businesses each to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the commercial property, clothing store business, and restaurant business listed in this Complaint and wishes to continue his patronage and use of the premises.

24.    The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject commercial plaza property, clothing store business, and restaurant businesses. The barriers to access at Defendants' commercial plaza property, clothing store business, and restaurant businesses have each denied or diminished Plaintiff's ability to visit the commercial plaza property and have endangered his safety in violation of the ADA.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

25.    Mr. De La Torre Pardo is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

26.     He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. De La Torre Pardo is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

27.     Defendant, HART MIRACLE MARKETPLACE, LLC, owns and operates the commercial real property which is the subject of this ADA Action and which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, HART MIRACLE MARKETPLACE, LLC, as owner of the commercial plaza property is accordingly jointly and severally responsible for complying with the obligations of the ADA along with its tenants and Co-Defendants, MARSHALL'S OF MA, INC., and SUBWAY 50023 INC D/B/A SUBWAY 50023, in regard to each tenant's commercial space.

28.     The place of public accommodation that Defendant, MARSHALL'S OF MA, INC., owns and operates is the juice bar located at 3301 Coral Way, Miami, Florida 33145 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, HART MIRACLE MARKETPLACE, LLC.

29.     The place of public accommodation that Defendant, SUBWAY 50023 INC D/B/A SUBWAY 50023, owns and operates is the restaurant located at 3301 Coral Way, Miami, Florida 33145 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, HART MIRACLE MARKETPLACE, LLC.

30.     Defendant/Landlord, HART MIRACLE MARKETPLACE, LLC, as owner of the

commercial plaza property, and Co-Defendant/Tenants, MARSHALL'S OF MA, INC., and SUBWAY 50023 INC D/B/A SUBWAY 50023, as owners of the commercial clothing store and restaurant businesses (respectively) located at the subject property are together each jointly and severally liable for all ADA violations listed in this Complaint for the violations within their leased spaces.

31. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial plaza property and restaurant businesses, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial plaza property and restaurant businesses, in violation of the ADA. Plaintiff desires to visit the commercial plaza property and restaurant businesses located therein, not only to avail himself of the goods and services available at the commercial plaza property, but to assure himself that the commercial plaza property and clothing store and restaurant businesses are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial plaza property without fear of discrimination.

32. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial plaza property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, HART MIRACLE MARKETPLACE, LLC FOR COMMON AREAS

33. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

34.     Defendant, HART MIRACLE MARKETPLACE, LLC. has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property, include but are not limited to, the following:

A. Parking

 i.     There are accessible parking spaces that do not provide signs designating them as accessible, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Entrance Access and Path of Travel

 i.     The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

 ii.     The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

 iii.     The Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

C.  Access to Goods and Services

i.      There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, HART MIRACLE MARKETPLACE, LLC AND TENANT/DEFENDANT, MARSHALL'S OF MA, INC., FOR AREAS WITHIN MARSHALL'S OF MA, INC.'S LEASED PLACE OF PUBLIC ACCOMODATION**

35.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

36.     Defendants,  HART MIRACLE MARKETPLACE, LLC and MARSHALL'S OF MA, INC. have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A.  Entrance Access and Path of Travel

i. The Plaintiff could not traverse through areas of the store, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, 4.3.2(3), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.     The Plaintiff had difficulty entering the restroom without assistance, as the door threshold is too high. Violation: There are threshold rises in excess of ½ inch at the restroom entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty opening the restroom door without assistance, as the door pressure to open the door is excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff could not enter or exit the restroom without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not properly insulated. Violation: The lavatory pipes are not fully insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

v.     The Plaintiff could not use the lavatories outside the accessible toilet compartment without assistance, as they are mounted too high. Violation: There are lavatories outside accessible toilet compartments in public restrooms with the counter surfaces mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 213.3.4 & 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff could not use the accessible toilet compartment door without assistance, as it does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.     The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III - ADA VIOLATIONS FOR LANDLORD/DEFENDANTS HART MIRACLE MARKETPLACE, LLC AND TENANT/DEFENDANT, SUBWAY 50023 INC D/B/A SUBWAY 50023, FOR AREAS WITHIN SUBWAY 50023 INC D/B/A SUBWAY 50023' LEASED PLACE OF PUBLIC ACCOMODATION**

37.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

38.     Defendants,  HART MIRACLE MARKETPLACE, LLC and SUBWAY 50023

INC D/B/A SUBWAY 50023 have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. Public Restrooms

i.      The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

39.     The discriminatory violations described in this ADA Complaint are not an exclusive

list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial plaza property, and restaurants; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

40.     The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial plaza property, and also in the clothing store and restaurant businesses within the place of public accommodation; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

41.     Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

42.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

43.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public

accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

44.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

45.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located in and/or within the commercial plaza property, and clothing store and restaurant businesses located at the commercial plaza whose address is listed 3301 Coral Way, Miami, Florida 33145 and the restaurants listed as Co-Defendants in this ADA Action, to include the interiors, exterior areas, and the common exterior areas of the commercial plaza property and restaurants within the plaza in order to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability

is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 25, 2025

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com


By: ___/s/  Anthony J. Perez_____
        ANTHONY J. PEREZ
        Florida Bar No.: 535451